## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) |
| | | ) |
| | | ) **Civil Action No. 19-cv-524-JED-JFJ** |
| | **Plaintiff,** | ) |
| | | ) **C O M P L A I N T** |
| | **v.** | ) |
| | | ) **JURY TRIAL DEMAND** |
| 1. | **WAL-MART STORES EAST, LP,** | ) |
| | | ) |
| | **Defendant.** | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Emily Hayman. As alleged with greater particularity below, Emily Hayman is an individual with a disability. Defendant denied her the opportunity to take a physical assessment test as part of the application process for a Freight Handler position at Defendant's Distribution Center in Ochelata, Oklahoma. Consequently, Defendant did not hire Hayman for the position, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of

1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section

102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Oklahoma.

Thus, venue is proper in this Court.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title I of the ADA and is expressly

authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C.

§ 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42

U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Wal-Mart Stores East, LP ("Defendant"), has

continuously been a Delaware limited partnership doing business in the State of Oklahoma

and the City of Ochelata, Oklahoma, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged

in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.

§§ 12111(5), (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII,

42 U.S.C. § 2000e(b), (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section

101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty (30) days prior to the institution of this lawsuit, Emily Hayman filed a charge with the Commission alleging violations of the ADA by Defendant.

8.      On August 26, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On September 24, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     Emily Hayman is an individual with a disability – she was born with her right arm ending at the elbow.

14.     Notwithstanding her disability, Hayman has successfully held jobs that require physical labor, such as lifting and moving vanities and ceramic toilets weighing up to 200 lbs.

15.     On March 20, 2018, Hayman applied for a Freight Handler position at Defendant's Distribution Center located in Ochelata, Oklahoma.

16.     On March 23, 2018, Hayman appeared at the facility for a job interview and physical assessment test (PAT).

17.     Following an in-person interview, Defendant's Human Resources Manager, Sonya Sayles, asked Hayman what accommodations she (Hayman) needed to perform the job.  Hayman told Sayles she did not need an accommodation and that she was currently working in a warehouse job that required her to lift heavy and bulky items, including things like vanities and toilets, weighing up to 200 lbs.  Sayles then sent Hayman with another candidate to watch a video explaining the PAT.

18.     After viewing the video, Hayman was called back to Sayles office.  Sayles insisted that Hayman speak with Defendant's Accommodations Services Center (ASC) on the phone.

19.     The ASC associate asked Hayman what accommodations she needed. Hayman stated she did not know because she did not need an accommodation.  The ASC associate responded that she could not help Hayman and ended the call.  Feeling humiliated and offended, and Sayles having made clear she would not allow Hayman to take the PAT and believed Hayman could not perform the job, Hayman left the facility.

20.     On March 26, 2018, ASC sent a letter to Hayman stating her "specific request" for accommodation was denied but that Hayman could take the PAT with a prosthetic.  Hayman does not use or own a prosthetic.

21.     Hayman was not hired to work for Defendant.

## COUNT:

### (ADA – Failure to Hire)

22.     Paragraphs 1 through 21 are realleged and incorporated by reference as though fully set forth herein.

23.     Defendant has engaged in unlawful employment practices at its Ochelata, Oklahoma distribution center, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (b) by failing to hire Hayman, a qualified individual with a disability, because of her disability.

24.     Hayman is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12101 and 12111(8).

25.     The effect of the practices complained of herein has deprived Hayman of equal employment opportunities and otherwise adversely affected her status as an application for employment because of her disability.

26.     The unlawful employment practices complained of herein were intentional.

27.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Hayman.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the Defendant unlawfully discriminated against Emily Hayman because of her disability in violation of the ADA, 42 U.S.C. § 12112(a) and (b), thus entitling her to damages.

B.  Grant a permanent injunction enjoining Defendant, its agents, servants, employees, attorneys, officers, assigns, and all persons in active concert or participation with it, from engaging in any retaliation and disability discrimination against applicants and employees, and engaging in any other employment practices that discriminates on the basis of disability.

C.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant to make whole Emily Hayman by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

E.  Order Defendant to make whole Emily Hayman by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to compensatory damages for emotional distress, in amounts to be determined at trial.

F.  Order Defendant to pay Emily Hayman punitive damages for its malicious conduct or reckless indifference to the federally protected rights of Hayman as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C.  FELIX  MILLER,  MO  Bar  No.  28309
Supervisory Trial Attorney

EQUAL  EMPLOYMENT  OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, Missouri 63103
Office: 314-539-7910
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

/s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney
LAUREN W. JOHNSTON, OBA No. 22341
Trial Attorney

EQUAL  EMPLOYMENT  OPPORTUNITY
COMMISSION
Oklahoma City Area Office

215 Dean A. McGee Ave., Suite 524 Oklahoma City, OK 73102
(405) 231-4363 (telephone)
(405) 231-4911 (telephone)
(405) 231-4375 (fax)
patrick.holman@eeoc.gov
Lauren.johnston@eeoc.gov